UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GILBERT GUZMAN,

                              Plaintiff,

                           04-CV-6441-CJS(P)

        -vs-

DR. LEIBOWITZ AND ERIE COUNTY
CORRECTIONAL FAC.,
                           MEMORANDUM and ORDER

                             Defendants.

---

**Siragusa, J.** This civil rights case is before the Court on defendants' motion (# 23) to dismiss for lack of prosecution. On March 13, 2006, the Court issued a motion scheduling order (# 24) directing plaintiff to file any response to defendant's application by March 24, 2006. The motion scheduling order was sent to plaintiff's address in Buffalo as shown on the docket sheet. To date, plaintiff has not responded. The scheduling order also set a date of April 13, 2006 at 3:00 p.m. for oral argument at the courthouse in Rochester. However, on that date, while defendant's counsel appeared, plaintiff did not.

Defendants made the following representations in their counsel's declaration in support of the motion to dismiss:

> As the Court is aware, on or about January 6, 2006, Defendants moved for an extension of scheduling deadlines and to compel the plaintiff to provide authorizations to obtain medical records (Docket No. 20).[1] Since that motion was submitted, medical authorizations have still not been received in this office, the plaintiff has not responded to Defendants' First Set of Interrogatories (Docket No. 17), or Document Demands (Docket No. 18), and

---

[1] It should be noted that plaintiff supplied defendants with a medical authorization, but with an expiration date that had already passed by the time it was provided.

> did not appear for his scheduled deposition on February 10, 2006, as noticed (Docket No. 19). This office has not received any request for an extension of time to respond, nor any request to reschedule the deposition.
>
> The defendants have made good faith efforts to obtain the requested medical record authorizations. Service of the motion to compel should have served as a reminder to the plaintiff of the pending discovery demands and deposition. No messages or correspondence from the plaintiff have been received by this office.
>
> The defense of this matter has been prejudiced by the inability to obtain the necessary records and documentation of the plaintiff's claims and alleged injuries.

(Wannop Decl. ¶¶ 3-5.) Defendants' counsel's allegations are undisputed. Moreover, in addition to their motion to dismiss, defendants also have, pending before U.S. Magistrate Judge Marian W. Payson, to whom this case has been referred, a motion to compel and, in the event plaintiff does not respond in time, a motion to extend the time for making additional applications to compel (# 20).

Among the sanctions authorized for the failure of a party to comply with discovery is dismissal of the action. Fed. R. Civ. P. 37(b)(2)(C). That sanction is authorized for, *inter alia*, a party's failure to appear, when properly noticed, for his deposition. Fed. R. Civ. P. 37(d). Also, Rule 41(b) states that a defendant may move for dismissal "for failure of the plaintiff to prosecute or to comply with these rules or any order of court."

"It is well established that a district court has the power to dismiss an action for failure to prosecute and that such a dismissal will be reviewed only for abuse of discretion." *Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994). The Court of Appeals has "upheld 'the severe sanction of dismissal with prejudice . . . even against a plaintiff who is proceeding *pro se,* so long as a warning has been given that

noncompliance can result in dismissal.'" *Baba v. Japan Travel Bureau Int'l*, 111 F.3d 2, 5 (2d Cir. 1997) (*quoting Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)). In determining whether the district court has abused its discretion in dismissing a case for failure to prosecute, the Circuit court looks to these factors:

> "the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has 'taken care to "strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . ."', and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

Nita, 16 F.3d at 485 (*quoting Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d at 932 (brackets in original) (*quoting Harding v. Federal Reserve Bank*, 707 F.2d at 50) (*quoting Merker v. Rice*, 649 F.2d 171, 174 (2d Cir. 1981))). "Generally, no one factor is dispositive." *Id*.

Judge Payson's scheduling Order, entered on [date], contained the following language:

> **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party of that party's attorney including dismissal of this action, if appropriate.**

Order (Docket No. 10), *Guzman v. Leibowitz*, No. 04-CV-6441P (W.D.N.Y. Jul. 25, 2005) (bolding in original). At defendants' request in a letter dated September 8, 2005, the deadlines were extended by 45 days as a result of plaintiff's failure to provide a valid medical authorization. *See* letter from Frederick A. Wolf, Erie County Attorney, by Ruthanne Wannop, Ass't County Att'y (Sep. 8, 2005); Letter Order (Docket No. 12),

*Guzman v. Leibowitz*, No. 04-CV-6441P (W.D.N.Y. Sep. 9, 2005). Judge Payson noted that plaintiff failed to appear for the scheduled October 4, 2005 status conference, and that mail to his address was returned with an indication that he had moved and left a forwarding address, but evidently failed to so notify the Court. *See* W.D.N.Y. Loc. R. Civ. P. 5.2(d) (requiring *pro se* litigants to furnish the Court with a correct address "at all times."). The status conference was rescheduled for November 8, 2005, and plaintiff participated. As a result of that conference, Judge Payson entered an amended scheduling order containing the following language:

> **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party of that party's attorney including dismissal of this action, if appropriate.**

Order (Docket No. 14), *Guzman v. Leibowitz*, No. 04-CV-6441P (W.D.N.Y. Nov. 8, 2005) (bolding in original). As previously stated, defendants allege that plaintiff has failed to cooperate with the new scheduling order, including failing to show for his own noticed deposition on February 10, 2006. (*See* Wannop Decl. ¶ 3; Deposition Notice (Docket No. 19), *Guzman v. Leibowitz*, No. 04-CV-6441P (W.D.N.Y. Jan. 4, 2006).)

After reviewing the history of this case and plaintiff's several failures to comply with discovery and the Court's orders, considering that he has twice been warned that failure to comply with the Court's orders could result in the sanction of dismissal, and that he has completely failed to respond to defendants' motion, despite the Court's motion scheduling order setting a response date, and has failed to appear for oral argument, the sanction of dismissal is appropriate. Accordingly, it is hereby

ORDERED, that defendants' motion (# 23) to dismiss, pursuant to Federal Rule of Civil Procedure 41, for plaintiff's failure to prosecute, is granted; and it is further

ORDERED, that pursuant to Rule 41(b), this dismissal "operates as an adjudication upon the merits"; and it is further

ORDERED, that the Clerk enter judgment for defendants.

IT IS SO ORDERED.

Dated: April 24, 2006
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge